IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02927-BNB

TROY JAMISON KELLY,

    Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
FRANCIS FALK, Warden, Limon Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on October 25, 2013 [Doc. # 1], in this action and pursuant to **Denson v. Abbott**, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Respondents Francis Falk and the Attorney General of the State of Colorado[1] are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer

---

[1] The Court notes that Rick Raemisch, Executive Director the Colorado Department of Corrections, is not a proper respondent to this action. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents Frances Falk and the Attorney General of the State of Colorado shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, the Respondents must notify the Court of that decision in the Pre-Answer Response. It is

Dated at Denver, Colorado, October 29, 2013.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge

2