IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02927-BNB

TROY JAMISON KELLY,

      Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
FRANCIS FALK, Warden, Limon Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER DRAWING CASE

---

     Applicant, Troy Jamison Kelly, is in the custody of the Colorado Department of

Corrections at the Limon, Colorado, Correctional Facility.  Mr. Kelly, through counsel,

has filed a Petition for Relief Pursuant to 28 U.S.C. § 2254 challenging the validity of his

criminal conviction in the District Court of Arapahoe County, Colorado.  He has paid the

$5.00 filing fee.

     In an October 29, 2013 order, Magistrate Judge Boyd N. Boland directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).  Respondents submitted a pre-answer response on December

3, 2013.  After requesting and obtaining four extensions of time, Applicant filed a reply

on May 12, 2014.  For the reasons stated below, the Application will be drawn to a

presiding judge, and, if appropriate, to a magistrate judge.

## I.  Background and State Court Proceedings

On August 9, 2002, Mr. Kelly was convicted by a jury of first degree murder of his girlfriend and related offenses in Arapahoe County District Court Case No. 00CR1636. (ECF No. 1, at 1-2; No. 9-1, at 4).  He was sentenced to a term of life in prison without parole.  (*Id.*).

The Colorado Court of Appeals affirmed Mr. Kelly's conviction on direct appeal in *People v. Kelly* (*Kelly I*), No. 02CA1839 (Colo. App. Dec. 29, 2005) (unpublished decision).  (ECF No. 9-10).  The Colorado Supreme Court granted certiorari review as to a confrontation clause claim and denied the petition as to all other claims on November 6, 2007.  (ECF No. 9-8).  The Colorado Supreme court later vacated the grant of certiorari as to the confrontation clause claim on February 8, 2007.  (ECF No. 9-7).

Mr. Kelly filed a motion for post-conviction relief in the state district court pursuant to Colo. R. Crim. P. 35(c) on March 3, 2008.  (ECF No. 1, at 6).  The district court denied the motion without an evidentiary hearing on May 15, 2010.  (*Id.* at 7).  The Colorado Court of Appeals affirmed the state district court's order in *People v. Kelly* (*Kelly II*), No. 10CA1323 (Colo. App. Sept. 13, 2012) (unpublished).  (ECF No. 9-4). The Colorado Supreme Court denied Mr. Kelly's petition for certiorari review on August 26, 2013.  (ECF No. 9-2).

Mr. Kelly initiated this action on October 25, 2013.  He asserts two claims in the Application:

(1) "The trial court erroneously instructed the jury regarding its consideration of the evidence of self-induced intoxication on the issue of the culpable mental state for first degree murder thereby lessening the

prosecution's burden of proof on that issue in violation of Petitioner Kelly's right to due process of law under the United States constitution and the error was not harmless. U.S. Const., amends. VI and XIV." (ECF No. 1, at 8).

(2) "Petitioner Kelly's trial counsel provided ineffective assistance of counsel by failing to object to the erroneous voluntary intoxication jury instruction that lessened the prosecution's burden of proof in violation of his federal constitutional right to due process and fair trial. Trial counsel's failure to object and thereby preserve the constitutional error for direct appeal prejudiced Petitioner Kelly because the court on direct appeal applied the less favorable standard of review for plain error rather than the standard for harmless error." (*Id.* at 12).

## II.  Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  (*See* ECF No. 4, at 23).

## III.  Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

The "substance of a federal habeas corpus claim" must have been presented to

the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

4

## IV. Analysis

### A. Claim one

Respondents maintain that claim one is procedurally defaulted because, although Mr. Kelly raised the claim in his opening brief to the Colorado Court of Appeals on direct appeal, the state appellate court resolved the claim under a plain error standard of review.  (ECF No. 9, at 14).

In *Kelly I*, the Colorado Court of Appeals determined that because Applicant had tendered the faulty intoxication instruction, it would review any error under the state's plain error standard.  (ECF No. 9-10, at 15-16).  The state appellate court then concluded that the intoxication instruction was improper but that any prejudicial effect did not rise to the level necessary to establish plain error.  (*Id.* at 18-20) (concluding that the intoxication instruction "did not so undermine the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction"). Consequently, the state appellate court's rejection of Applicant's faulty jury instruction claim on direct appeal was not on federal grounds. Instead, the Colorado Court of Appeals decided the claim under a state law standard that triggered a procedural bar to federal habeas review.  *See Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) (when a state court "den[ies] relief for what it recognizes or assumes to be federal error, because of the [applicant]'s failure to satisfy some independent state law predicate . . ., that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas.").

Generally, when a habeas petitioner procedurally defaults a federal claim in the state court, he must meet the cause and prejudice standard or demonstrate a

5

fundamental miscarriage of justice to excuse his procedural default.  *See Coleman*, 501

U.S. at 750.  Applicant argues in his Reply, however, that the procedural bar applied by

the Colorado Court of Appeals in *Kelly I* does not preclude federal habeas relief

because the state appellate court subsequently addressed the erroneous jury

instruction claim again in *Kelly II*, applying a harmless error standard of review.

Applicant argues that because *Kelly II* ultimately reviewed the merits of his erroneous

jury instruction claim, he has satisfied the exhaustion requirement.

  The record reflects that following his direct appeal, Applicant filed a state post-

conviction motion in which he contended that his trial counsel was constitutionally

ineffective (IAC claim) in either failing to object to or by tendering an erroneous

voluntary intoxication instruction.  (ECF No. 9-5, at 15-26).  Applicant asserted that he

was prejudiced by counsel's defective performance because, on direct appeal, the

Colorado Court of Appeals reviewed his constitutional challenge to the erroneous

intoxication instruction for plain error rather than for than for harmless error.  (*Id.* at 22-

23).  In *Kelly II*, the Colorado Court of Appeals determined the following:

> At the outset, the fact that the division on direct appeal concluded that the
> error did not rise to plain error does not preclude a conclusion that it is
> also harmless beyond a reasonable doubt.  The distinction between plain
> error, harmless error, and error which is harmless beyond a reasonable
> doubt, is not of mathematical exactitude.  Both "plain error" and "harmless
> beyond a reasonable doubt" with respect to errors in the jury instructions
> are subject to the same analysis, that is, the consideration of the
> instructions as a whole. [*People* v.] Miller, 113 P.3d [743,] 750 [(Colo.
> 2005] (plain error); [*People v.*] *Harlan*, 8 P.3d [448],  472 ([Colo. 2000])
> (harmless beyond a reasonable doubt).
>
> The jury was also instructed:
>
> "'After deliberation' is part of the culpable mental state for Murder in the
> First degree.  It means that the defendant acted not only intentionally, but,

also, that the decision to commit the act has been made after the exercise
of reflection and judgment concerning the act.  An act committed after
deliberation is never one which has been committed in a hasty or
impulsive manner.

"A person acts 'intentionally' or 'with intent' when his conscious objective is
to cause the specific result proscribed by the statute defining the offense.
It is immaterial whether or not the result actually occurred."

The jury was further instructed on at least two occasions that first degree
murder requires, and the prosecution must prove beyond a reasonable
doubt, that the defendant acted both with intent and after deliberation.

In addition, during closing arguments, the prosecutor–while challenging
the accuracy of the blood alcohol evidence–argued that defendant had in
fact formed the requisite culpable mental state despite his intoxication.
The prosecutor encouraged the jury to use the intoxication evidence in
determining whether defendant actually formed the requisite culpable
mental state.  Further, defendant's closing argument also discussed the
evidence of intoxication with respect to whether defendant had in fact
formed the culpable mental state for first degree murder.

Therefore, we conclude that the error in giving the instruction was
harmless beyond a reasonable doubt.  *Harlan*, 8 P.3d at 472.

(ECF 9-4, at 11-12).

A federal habeas court must "look to the last state court decision disposing of a

federal claim, . . . to determine whether the claim is procedurally barred." *Alverson v.*

*Workman*, 595 F.3d 1142, 1164 (10th Cir.2010) (Tymkovich, J., concurring) (emphasis

in original) (citing *Coleman*, 501 U.S. at 735).  "Only if the last state court opinion to

address the claim ignores the procedural bar and reaches the merits may [the federal

court] follow suit." *Id.* at 1164-65 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991)

("State procedural bars are not immortal, . . .;  they may expire because of later actions

by state courts. If the last state court to be presented with a particular federal claim

reaches the merits, it removes any bar to federal-court review that might otherwise have

been available.")); *see also Colvin v. Medina*, No. 10-cv-00896-BNB,  2010 WL

2985802, at *6 (D. Colo. July 27, 2010) (rejecting procedural default defense where the

last state court to address petitioner's IAC claim addressed the claim on the merits,

regardless of the state appellate court's previous finding that Mr. Colvin had

procedurally defaulted that claim.).

　　　　In addressing the IAC claim in *Kelly II*, the Colorado Court of Appeals applied the

federal harmless error standard of review applicable to unconstitutional trial errors and

determined that Applicant was not prejudiced by the erroneous jury instruction. *See*

*Chapman v. California*, 386 U.S. 18 (1967) (holding that a constitutional error at trial

does not require reversal of a conviction if the error was harmless); *Arizona v.*

*Fulminante*, 499 U.S. 279, 306-307 (1991) (reaffirming that harmless error analysis

applies to trial errors– including erroneous jury instructions– as distinguished from

structural errors) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 169

(1982) (harmless error analysis "requires that the degree of prejudice resulting from

instruction error be evaluated in the total context of the events at trial."); *Cupp v.*

*Naughten*, 414 U.S. 141, 146-47 (1973) ("[A] single instruction to a jury may not be

judged in artificial isolation, but must be viewed in the context of the overall charge.").

Because the substance of claim one has been reviewed on the merits by the state

courts, it is ripe for federal habeas review.  The Court rejects Respondents' argument

that claim one is procedurally barred.

## B.    Claim two

　　　　Respondents concede that Applicant exhausted his state court remedies for

claim two by presenting the claim to the state appellate courts in his post-conviction

8

proceeding.  (ECF No. 9, at 21).  Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c); D.C.COLO.LCivR 40.1(a).  It is

FURTHER ORDERED that, within **thirty (30) days from the date of this Order,** Respondent(s) shall file an Answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  It is

FURTHER ORDERED that Applicant may file a Reply within **thirty (30) days from the date that Respondents file their Answer**.

DATED at Denver, Colorado, this __4th__ day of ___June_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court